IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMI P. MCDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 11-CV-0762-MJR |
| ROBERT LOVELL, | ) |
| A. DALLAS, | ) |
| RICK DENSMORE, and | ) |
| DERWIN L. RYKER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Jimi P. McDonald, currently incarcerated at Logan Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, a dietary department worker, claims that a caustic cleaning product—a degreaser known as "green soap"−caused a painful rash on his arms, upper torso and legs, which became so severe that his nipples bled. According to Plaintiff, he was not trained, nor was he provided safety equipment or clothing, his complaints were ignored, and he was not provided prompt medical care. Plaintiff claims that the four defendant prison officials violated his rights under the Eighth Amendment. *See* Doc. 1.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**Discussion**

The Eighth Amendment proscription on the infliction of cruel and unusual punishment requires that the government "provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Unsafe prison working conditions can constitute an Eighth Amendment violation. *Bagola v. Kindt,* 131 F.3d 632, 646 (7th Cir. 1997). To be liable, a prison official must have

acted with deliberate indifference and must not have taken reasonable steps to prevent the harm. *Id*.

Eighth Amendment principles also prohibit prison officials from "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-105(1976). However, the defendant must have exhibited "deliberate indifference to serious medical needs." *Id.* at 104. An inmate must satisfy a two-prong test to establish such an Eighth Amendment claim: (1) the deprivation alleged must be objectively serious; (2) the prison official must have exhibited deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. *See also Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir. 2000).

Based on the allegations in the complaint, the Court finds it convenient to divide the pro se action into four counts. These designations shall be used by the Court and the parties in all future parties, unless other wise directed by the Court.

**Count 1 –Robert Lovell**

Defendant Robert Lovell is a correctional counselor responsible for training dietary department workers how to use caustic products. According to the complaint, Lovell threatened inmate workers (presumably including Plaintiff) to sign a form acknowledging that they had been trained, when Lovell had not trained them. Lovell's behavior could reasonably be characterized as deliberate indifference to Plaintiff's safety. "[I]t is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005). Therefore, this claim shall proceed.

**Count 2 –Lieutenant A. Dallas**

Lieutenant A. Dallas was the correctional officer in charge of the dietary department when Plaintiff was injured. According to Plaintiff, when he approached Lt. Dallas seeking medical treatment, he was experiencing severe pain, his skin was visibly inflamed, and his shirt front was stained with blood from his bleeding nipples. Dallas stated that the injuries were not "life threatening," so Plaintiff should return to his housing unit and submit a request form for medical care. Dallas also instructed Plaintiff's supervisor not to send Plaintiff to the medical unit, and not to make an incident report. It took six days for Plaintiff to be seen by a nurse.

"A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Gayton v. McCoy,* 593 F.3d 610, 620 (7th Cir. 2010). Plaintiff's skin condition and the resulting pain could reasonably be deemed a serious medical need, and Dallas's actions denying Plaintiff immediate medical treatment could reasonably be found to constitute deliberate indifference. Therefore, this claim shall proceed.

**Count 3–Rick Densmore**

Plaintiff's claim against Defendant Rick Densmore, the manager of the dietary department, is based on general factual allegations. Plaintiff describes Densmore's awareness of inmates developing severe skin irritation due to exposure to caustic cleaning products, and he asserts Densmore was concerned with cost-savings, not safety. Densmore would purportedly fire or "unassign" an inmate who complained. According to Plaintiff, he filed a grievance regarding the situation and Densmore immediately purchased safety equipment and inmates are now protected from similar injury.

As drafted, this claim is not sufficiently clear about the timing and connection between Densmore and Plaintiff. All that is clear is that once Plaintiff complained to Densmore the problem was solved; that cannot reasonably be found to be deliberate indifference. Therefore, this claim shall be dismissed without prejudice.

**Count 4–Derwin L. Ryker**

The complaint alleges that Defendant Warden Ryker was generally aware that inmates were not being properly trained, that numerous inmates had been injured, and that inmates were being refused immediate medical treatment, but "no action was taken until after [Plaintiff] initiated civil proceedings." This claim contains general allegations about the inmate workers as a group and complaints made by others. The only mention relative to Plaintiff himself pertains to the initiation of "civil proceedings," which does not link Plaintiff and Warden Ryker. Therefore, this claim against Ryker shall be dismissed without prejudice.

**Disposition**

For the reasons stated, Count 1 against Defendant **LOVELL** and Count 2 against Defendant **DALLAS** shall proceed; Count 3 against Defendant **DENSMORE** and Count 4 against Defendant **RYKER** are both **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants **LOVELL and DALLAS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps

to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon each Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on each Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 20, 2012**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**
